**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Marilyn W. Bunn, a person non compos mentis by and through her guardian, Denise Suddes, and Margaret Bunn Lochmandy, Respondents,

v.

Douglas S. Delaney, as Trustee and in his individual capacity, Alan Wilson, the South Carolina Attorney General, Sacred Heart-Griffin High School, St. Joseph's Home, Quincy University, Notre Dame, The Lawrenceville School, All Saints Catholic Church, and Habitat for Humanity c/o All Saints Catholic Church, Defendants,

Of whom Douglas S. Delaney is the Appellant.

Appellate Case No. 2015-001813

———————

Appeal From Beaufort County
Marvin H. Dukes, III, Master-in-Equity

———————

Unpublished Opinion No. 2017-UP-434
Submitted September 8, 2017 – Filed November 22, 2017

———————

**AFFIRMED AS MODIFIED**

———————

Sean Michael Bolchoz, of Bolchoz Law Firm, PA, of Bluffton, for Appellant.

Robert Ernest Sumner, IV and E. Brandon Gaskins, of Moore & Van Allen, PLLC, of Charleston, for Respondent.

---

**PER CURIAM:**  In this action to remove Douglas Delaney as the independent successor to the corporate trustee of the John M. and Marilyn W. Bunn Charitable Remainder Trust (the Trust), Delaney appeals the master-in-equity's grant of partial summary judgment in favor of Marilyn Bunn (Mother), through her guardian, Denise Suddes (Guardian), and her daughter, Margaret Bunn Lochmandy. Delaney argues the master-in-equity erred in (1) finding no question of material fact existed regarding whether Lochmandy accepted the role of successor individual trustee; (2) finding the terms of the Trust gave Lochmandy and Guardian the authority to remove the successor independent trustee; (3) finding no vacancy occurred in the trusteeship and Lochmandy and Kelly Bunn (collectively, the Daughters) automatically became successor individual trustees upon Mother's incapacity; and (4) disregarding legal presumptions in favor of the nonmoving party.  We affirm as modified.[1]

## I.  Vacancy in the Individual Trusteeship

Delaney asserts the master-in-equity erred in finding the Georgia probate court's appointment of Guardian did not result in a vacancy in the trusteeship.  We agree.

> A vacancy in a trusteeship occurs if:
>
> (1) a person designated as trustee rejects the trusteeship;
>
> (2) a person designated as trustee cannot be identified or does not exist;
>
> (3) a trustee resigns;
>
> (4) a trustee is disqualified or removed;
>
> (5) a trustee dies; or

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

(6) a guardian or conservator is appointed for an individual serving as trustee.

S.C. Code Ann. § 62-7-704(a) (Supp. 2017). "The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature." *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000). "Whe[n] the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning." *Id.*

Based upon Delaney's failure to present evidence that either Bunn or Lochmandy rejected the trusteeship, the master-in-equity found, "[a]s a matter of law, no vacancy occurred in the present case; and upon the incapacity of [Mother], [the Daughters] became the successor [i]ndividual [t]rustees." The master explained that under section 62-7-704(a), a vacancy occurs upon rejection of the trusteeship by the successor trustee, the resignation of the successor trustee, or the removal of the successor trustee. However, section 62-7-704(a) also provides a vacancy is created upon the appointment of a guardian or conservator for an individual serving as trustee. Therefore, a vacancy was created in the trusteeship when Mother was appointed a guardian.

## II. Successor Individual Trustee

Although a vacancy was created upon Guardian's appointment, we find the master-in-equity properly determined the Daughters did not vacate the trusteeship. Thus, the master did not err in finding the Daughters automatically became successor individual trustees upon Guardian's appointment and the Daughters accepted the trusteeship.

> A vacancy in a trusteeship of a charitable trust that is required to be filled must be filled in the following order of priority:
>
> (1) by a person designated in the terms of the trust to act as successor trustee;
>
> (2) by a person selected by the charitable organizations expressly designated to receive distributions under the terms of the trust if the Attorney General concurs in the selection; or

(3) by a person appointed by the court.

S.C. Code Ann. § 62-7-704(d) (Supp. 2017).

> Except as otherwise provided . . . a person designated as
> trustee accepts the trusteeship:
>
> (1) by substantially complying with a method of
> acceptance provided in the terms of the trust; or
>
> (2) if the terms of the trust do not provide a method or the
> method provided in the terms is not expressly made
> exclusive, by accepting delivery of the trust property,
> exercising powers or performing duties as trustee, or
> otherwise indicating acceptance of the trusteeship.

S.C. Code Ann. § 62-7-701(a) (Supp. 2017). "A designated trustee who does not accept the trusteeship within a reasonable time after knowing of the designation is deemed to have rejected the trusteeship." S.C. Code Ann. § 62-7-701(b) (Supp. 2017).

Pursuant to the terms of the Trust, the vacancy created upon Guardian's appointment was required to be filled by the Daughters. The Trust provided the following rules for succession if Mother vacated the trusteeship:

> In case of the resignation, refusal or inability to act of
> either individual trustee, the survivor shall act as the sole
> individual trustee hereunder. In case of resignation,
> refusal or inability to act of the survivor of the individual
> trustee, [the Daughters] shall act as the successor
> individual co-trustees hereunder. In case of resignation,
> refusal or inability of either [Lochmandy] or Kelly
> Kathleen Bunn, the survivor of [Lochmandy] or Kelly
> Kathleen Bunn shall act as the successor individual
> trustee hereunder.

Because the Trust did not require any formal action for acceptance of the trusteeship, the Daughters could accept the trusteeship simply by "exercising powers or performing duties as trustee[s], or otherwise indicating acceptance of the

trusteeship."  *See* S.C. Code Ann. § 62-7-701(a)(2) (recognizing that "if the terms of the trust do not provide a method or the method provided in the terms is not expressly made exclusive," a person designated as trustee accepts a trusteeship "by accepting delivery of the trust property, exercising powers or performing duties as trustee, or otherwise indicating acceptance of the trusteeship").

Under the Trust agreement, the powers of the individual trustee include the power to "hold, manage, care for[,] and protect the trust property," which includes the power to "[t]o compromise, contest, prosecute[,] or abandon claims in favor of or against the trust."  Accordingly, we find the Daughters sufficiently accepted the trusteeship by requesting a trust accounting and trust documents, in continuing to request trust information in anticipation of this action, and in bringing this action. The Guardian's appointment triggered the vacancy in the trusteeship then filled by Lochmandy and Bunn.  Delaney contends the Daughters failed to act for over eight months after the Guardian's appointment.  By Delaney's own admission, however, the attorney representing the Daughters and Mother contacted him seeking trust documents in November 2013 (less than two months after Guardian's appointment).  Further, Delaney attached to his affidavit a letter addressed to his attorney from the Daughters and Mother, in which their attorney references an October 2013 correspondence from Delaney's attorney regarding the Trust.

Evidence in the record establishes that as early as April 2013, the Daughters made several requests for a trust accounting and trust documents from Delaney, which he refused, and they informed him an application for a guardianship for Mother was pending.  After several attempts to obtain the requested trust documentation, the Daughters and Guardian (on Mother's behalf) brought this action in July 2014. Consequently, the record establishes the Daughters accepted the trusteeship by acting to "hold, manage, care for[, or] protect the trust property" in requesting documentation from Delaney and in filing this action to remove Delaney as corporate trustee and modify the trust.  When viewed in the light most favorable to Delaney, no genuine dispute as to material fact exists regarding the successor individual trusteeship because no evidence exists showing Lochmandy rejected the trusteeship due to a failure to act.  *See* Rule 56(c), SCRCP (noting a trial court may grant a motion for summary judgment if there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law).  Therefore, we find the master-in-equity properly granted summary judgment on this issue.

## III.  Removal of Successor Independent Trustee

We find the master-in-equity did not err in finding Lochmandy, as individual trustee, and Mother, as settlor, could remove Delaney as successor independent trustee.  The Trust provides:

> [T]he settlors during their lifetime, the survivor of them after one of their deaths, or the individual trustee, may remove the corporate trustee at any time or times, with or without cause, and appoint an individual or corporation as successor independent trustee but no corporation controlled by the settlors or controlled by any person legally obligated to the settlors or no person legally obligated to the settlors or subservient to the settlors shall be a successor independent trustee hereunder.

Because the Trust does not differentiate between original trustees and successor trustees in describing the rights and duties of the trustees, the plain language of the Trust evidences the settlors' intent to treat original trustees and successor trustees the same.  *See Bowles v. Bradley*, 319 S.C. 377, 380, 461 S.E.2d 811, 813 (1995) ("The primary consideration in construing a trust is to discern the settlor's intent."); *Holcombe-Burdette v. Bank of Am.*, 371 S.C. 648, 658, 640 S.E.2d 480, 485 (Ct. App. 2006) ("In ascertaining a settlor's intent, if the language of the trust instrument is perfectly plain and capable of legal construction, such language determines the force and the effect of the instrument.").

Most importantly, the Trust specifically provides that "[e]very successor trustee shall have all the powers given the originally named trustees," and "all other discretionary decisions not otherwise delineated under this agreement may be performed by the individual trustees."  Based on this statement and the Trust's failure to differentiate between original and successor trustees throughout the trust instrument, the settlors intended to treat original trustees and successor trustees in like manner.  *See Holcombe-Burdette*, 371 S.C. at 657, 640 S.E.2d at 484 ("Intent is to be ascertained upon consideration of the entire will.").  This intent includes the application of the removal provisions.  *See Epworth Children's Home v. Beasley*, 365 S.C. 157, 166, 616 S.E.2d 710, 715 (2005) ("A court may not consider the will piecemeal, but must give due weight to all its language and provisions, giving effect to every part when, under a reasonable interpretation, all the provisions may be harmonized with each other and with the will as a whole.").

Therefore, the Trust authorizes Guardian, on behalf of Mother as settlor, and Lochmandy, as successor individual trustee, to remove the successor independent

trustee without cause because the Trust allows for removal of the corporate trustee with or without cause.  Accordingly, we find the master-in-equity properly granted summary judgment on this issue.  *See* Rule 56(c), SCRCP.

## IV.  Conclusion

For the foregoing reasons, the master-in-equity's order granting partial summary judgment is

**AFFIRMED AS MODIFIED**.

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**